IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHANIEL GILLESPIE, | : | CIVIL NO. 3:-09-CV-1453 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| JEFFREY BEARD, et al., | : | |
| Defendants | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Plaintiff Nathaniel Gillespie ("Gillespie" or "plaintiff"), a State of Pennsylvania inmate formerly incarcerated at the State Correctional Institution at Dallas, Pennsylvania ("SCI-Dallas"), proceeding pro se, commenced this civil rights action on July 28, 2009, against defendants Hogan, Biaino, Pudiosky, Corbett, Oiszyck, Nusial, Boich, Niosjer, Walters, Jeffrey Beard, Michael Kiopoleski, Robin Lucas, Wilko, Bath, Nivolli, Boyes, and Krahnumber. (Doc. 1.) For the reasons set forth below, the action will be deemed abandoned and dismissed for failure to prosecute.

I.  **Procedural Background**

Upon receipt of Gillespie's complaint, the Court served upon him the Standing Practice Order in Pro Se Plaintiff Cases, which had attached to it a letter with the following explanation: "This packet includes a Standing Practice Order with referenced Local Rules attached, which highlight the important responsibilities you have while litigating this case. You are responsible for reading and complying fully with the rules and guidelines as set forth

in the Order." (Doc. 4, at 1.) The Standing Practice Order specifically informed Gillespie of his affirmative obligation to keep the court informed of changes in his address and warned that if the court is unable to communicate with him because he has failed to notify the court of his address, he will be deemed to have abandoned the lawsuit. (Doc. 4 at 5.)

On June 24, 2011, remaining defendants Wilk, Morelli and Bath filed a motion for summary judgment.[1] (Doc. 42). On July 7, 2011, defendants requested an enlargement of time in which to file a supporting brief. (Doc. 43.) The motion was granted by Order dated August 2, 2011. (Doc. 44.) On August 10, 2011, the Order granting defendants' motion was returned with a notation "Inmate Sentence Completed," "Not at SCID" undeliverable to plaintiff. (Doc. 46.) It was re-mailed to plaintiff the following day.

On August 8, 2011, defendants sought another enlargement of time in which to file materials in support of their motion for summary judgment. (Doc. 45.) This request was granted on August 22, 2011. (Doc. 47.) On August 29, 2011, the Order addressed to plaintiff at his last known address was returned to the court with the notations "RTS" and "Sentence Completed 7-22-11." (Doc. 49.) On August 22, 2011, defendants sought a third motion for an extension of time to file their brief, which remains outstanding. (Doc. 48.)

Prior to the above motion, defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 23). On January 18, 2011, after having been

---

[1] Previous to this motion, the Court granted all defendants summary judgment on the Eighth Amendment Conditions of Confinement claims and the First Amendment claims. (Doc. 41 at 15.) The only remaining claims are the Eighth Amendment physical and sexual assault claims lodged against Wilk, Morelli, and Bath. (Id.)

granted several enlargements of time, defendants filed a brief in support of the motion and a statement of material facts. (Docs. 32-33.) Plaintiff did not respond to the motion. Consequently, on February 9, 2011, an order issue directing plaintiff to file a brief in response to the motion in accordance with L.R. 7.6, and a response to the statement of material facts in accordance with L.R. 56.1 on or before February 22, 2011. (Doc. 34.) He was cautioned that his failure to comply with this order may result in deeming the motion unopposed and granting the motion or the dismissal of this case for failure to prosecute. See FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). (Id.)

On February 24, 2011, plaintiff sought an enlargement of time to file a response based upon the representation that he did not receive the summary judgment documents. (Doc. 35.) Defendants were directed to re-serve all documents on Gillespie and he was afforded additional time to respond to the motion and was again warned of the consequences of not responding to defendants' motion. Defendants served plaintiff with a copy of their brief, statement of material facts and supporting exhibits. (Doc. 38-2). Because plaintiff refused to sign a form acknowledging that the documents were served, defendants served the documents on him a third time. (Doc. 38-3.)

3

Shortly thereafter, Gillespie again moved for an enlargement of time claiming that he had not received the documents. In response, defendants filed a motion for sanctions seeking to have their motion deemed unopposed based on the fact that plaintiff had, in fact, received the documents. (Doc. 38.) The motion for sanctions was granted to the extent that if Gillespie failed to file a response brief within a specified period of time, the motion would be deemed unopposed. (Doc. 36.) Gillespie failed to file a response brief. Consequently, on May 31, 2011, a Memorandum and Order issued stating that "[d]efendants' motion for summary judgment (Doc. 23) is DEEMED unopposed and GRANTED in favor of all defendants on the Eighth Amendment conditions of confinement claims and the First Amendment claim concerning plaintiff's mail." (Doc. 23, at 15, ¶ 1.) Entry of judgment was deferred pending further order of court. (Id. at ¶ 2.) Defendants Wilk, Morelli, and Bath were afforded until June 24, 2011, to file a dispositive motion on the remaining Eighth Amendment physical and sexual assault claims. (Id. at ¶ 4.) As indicated above, they filed a motion for summary judgment on June 24, 2011. (Doc. 42.)

II. **Discussion**

Federal Rule of Civil Procedure 41 (b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Further, the rule permits *sua sponte* dismissals by the court. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962); Hewlett v. Davis, 844 F.2d 109, 114 (3d Cir. 1988) (same). In determining whether to exercise its discretion to dismiss as a sanction for failure to prosecute

and failure to comply with court orders, a district court must balance the six factors set forth in <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. <u>Ware v. Rodale Press, Inc.</u>, 311 F.3d 218, 221 (3d Cir. 2003); see also <u>Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund</u>, 29 F.3d 863, 873-78 (3d Cir.1994) (applying <u>Poulis</u> factors to dismissal under Rule 41(b)). The court must consider all six factors. <u>Ware</u>, 322 F.3d at 221-22; <u>United States v. $8,221,877.16 in United States Currency</u>, 330 F.3d 141, 162 (3d Cir. 2003). Dismissal is an extreme sanction, and any doubts should be resolved in favor of an adjudication of the case on its merits. <u>Id.</u> However, each factor need not be satisfied to justify dismissal. <u>Id.</u>

**A.     Analysis of the <u>Poulis</u> Factors**

1.     <u>The extent of the party's personal responsibility</u>

A pro se plaintiff is responsible for his failure to comply with a court's orders. <u>Emerson v. Thiel Coll.</u>, 296 F.3d 184, 191 (3d Cir. 2002). Gillespie is solely responsible for failing to comply with the Order setting forth his affirmative obligation to keep the Court informed of his current address. In addition, he is personally responsible for not complying with Orders directing him to respond to defendants' initial motion for summary judgment.

### 2. The prejudice to the adversary

"Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994)(internal quotations and citations omitted.) Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. at 874.

Gillespie's failure to move the litigation forward has resulted in significant delays. Simply put, there is no way for the defendants to defend against the claims in this action in the absence of Gillespie's participation; nor is there any way for the Court to bring the litigation to conclusion.

### 3. A history of dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874; see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003) (finding that a history of dilatory conduct existed because the plaintiffs "failed repeatedly" to provide a damages calculation for the defendant); Emerson, 296 F.3d at 191 (finding that a history of dilatory conduct existed because the "procedural history of this case reflects continuous dilatoriness" as demonstrated by the plaintiff's multiple requests for stays and failure to comply with multiple deadlines).

6

Gillespie's failure to notify the Court of his new address has clearly caused delay. Further, as is clear from the procedural background set forth *supra*, plaintiff failed to comply with multiple deadlines concerning defendants' initial motion for summary judgment and lulled the court into believing that the appropriate filings were forthcoming. Based on this conduct, the court finds that over the past six months, plaintiff has consistently delayed this matter to the extent that his conduct constitutes a "continuous stream of dilatory conduct." See Briscoe v. Klem, 538 F.3d 252, 261 (3d Cir. 2008).

    4.    <u>Was the conduct willful or in bad faith?</u>

Under this factor, the District Court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." Adams, 29 F.3d at 875 (internal quotation marks and citation omitted). Generally, "[w]illfulness involves intentional or self-serving behavior." Id. ; see also Emerson, 296 F.3d at 191 (finding bad faith because the conduct went beyond mere negligence).

Plaintiff acted in flagrant bad faith by representing to the Court that he was unable to respond to defendants initial motion for summary judgment because he did not receive the motion, supporting brief, or supporting documentation. This action resulted in the filing of a motion for sanctions by defendants and the utilization of judicial resources in disposing of the motion.

    5.    <u>Effectiveness of sanctions other than dismissal</u>

Ordinarily, a District Court must consider the availability of sanctions alternative to

dismissal. Poulis, 747 F.2d at 869. However, where a plaintiff is proceeding pro se, and moreover, is proceeding in forma pauperis, as is the case here, it has been found that no alternative sanctions existed because monetary sanctions, including attorney's fees, "would not be an effective alternative." Emerson, 296 F.3d at 191. In a scenario such as the present one, where the court is faced with a complete lack of cooperation on the part of the individual that brought the action, the only appropriate sanction is dismissal.

6. Meritoriousness of the claim

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70, citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984); Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982).

The final consideration is the meritoriousness of the remaining physical and sexual assault claims. Although defendants have filed a motion for summary judgment (Doc. 42), there has not yet been a supporting brief filed. In fact, there is a motion for an extension of time to file the brief pending. (Doc. 48.) However, given Gillespie's apparent loss of interest, it would be a waste of resources to require defendants to brief the summary judgment motion.

**B.  Balancing of the Poulis Factors**

In balancing the Poulis factors, no single factor is dispositive, Ware, 322 F.3d at 222,

and not all of the factors need be satisfied in order to dismiss a complaint. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). A full analysis of the factors reveals that five of the six factors weigh in favor of defendants and dismissal of the action for failure to prosecute.

### III. Conclusion

In conclusion, the Poulis factors weigh heavily in favor of dismissal of this action. The court is left with no choice but to deem the action abandoned and to dismiss it pursuant to Federal Rule of Civil Procedure 41(b).

An appropriate order will issue.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: September 26, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHANIEL GILLESPIE, | : | CIVIL NO. 3:-09-CV-1453 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| JEFFREY BEARD, et al., | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ORDER

AND NOW, to wit, this 26th day of September 2011, for the reasons set forth in the memorandum accompanying this order, it is hereby **ORDERED** that:

1. The Clerk of Court is directed to ENTER judgment in favor of all defendants and against plaintiff on the Eighth Amendment conditions of confinement claims and the First Amendment claim concerning plaintiff's mail. (See Doc. 41, ¶ 1.)

2. Plaintiff's remaining Eighth Amendment physical and sexual assault claims pending against defendants Wilk, Morelli, and Bath are DEEMED abandoned and are DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

3. The Clerk of Court is directed to TERMINATE all pending motions. (Docs. 42, 48.)

4. The Clerk of Court is further directed to CLOSE this case.

5. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court